IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY FENZEL                        :
                                    :
    v.                              :    Civil Action No. DKC 13-0379
                                    :
GROUP2 SOFTWARE, LLC, et al.        :
                                    :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jerry Fenzel commenced this action on December 10, 2012, by filing a complaint in the Circuit Court for Prince George's County, Maryland, alleging breach of contract and related claims against Group2 Software, LLC ("Group2"), and its sole member, Thomas Bowen. Group2 was served on January 3, 2013, and removed to this court the following day, citing diversity of citizenship as the jurisdictional basis. It answered the complaint on February 11, 2013, and subsequently filed a counterclaim.

At the court's direction, Plaintiff filed an affidavit reflecting that service of process was effected upon Mr. Bowen on December 20, 2012, by personal delivery to John Stover, described as Mr. Bowen's "roommate," at an address in Annapolis, Maryland. (ECF No. 11). Mr. Bowen moved to strike the affidavit of service and to quash service of process, arguing that he did not reside in Annapolis, that he was a resident of

South Carolina, and that he did not know Mr. Stover. As support, Mr. Bowen provided a declaration indicating that he resided at "11 Radcliffe Place, Charleston, South Carolina," as well as a copy of his South Carolina driver's license reflecting an address of "15 Radcliffe Place" in Charleston. (ECF No. 13, Ex. 1 ¶ 2, Ex. 1A).[1]  Plaintiff did not oppose the motion, which was granted on May 31, 2013.  The clerk reissued a summons for Mr. Bowen on July 2.

When Plaintiff did not file proof of service as to Mr. Bowen during the ensuing three months, the court, on October 1, directed his counsel to file a status report addressing the issue.  Plaintiff's counsel responded on October 15, indicating that "numerous attempts" to serve Mr. Bowen at both 11 Radcliffe Place and 15 Radcliffe Place had been unsuccessful and that counsel for Mr. Bowen had advised that he was not authorized to accept service of behalf of his client.  (ECF No. 25, at 1). Counsel further asserted, "it appears that Defendant Bowen is evading service," and advised that "Plaintiff intends to file a Motion for Alternative Service in this Court [by] no later than October 18, 2013[,] requesting service via regular mail on Glenn

---

[1] Mr. Bowen asserted in his declaration that he has lived at 11 Radcliffe Place "for the past six years," but that he previously resided at 15 Radcliffe Place. (ECF No. 13, Ex. 1 ¶ 2).

2

C. Etelson, Esq.[,] as the confirmed attorney for Defendant Bowen." (*Id*. at 2).

As promised, Plaintiff filed his motion for alternative service on October 18. (ECF No. 26). On November 1, Group2 filed papers opposing Plaintiff's motion and seeking dismissal of the complaint for failure to effect service of process upon Mr. Bowen within 120 days, as required by Fed.R.Civ.P. 4(m). (ECF No. 27). Plaintiff filed reply and opposition papers on November 18. (ECF No. 28).

As Plaintiff observes, Group2 "lacks standing to file a Motion to Dismiss a complaint against a separate party" and "Defendant Bowen has not filed an Opposition to Plaintiff's Motion for Alternative Service[.]" (ECF No. 28 ¶¶ 11, 12). Thus, Group2's motion to dismiss must be denied and Plaintiff's motion is unopposed.

In his initial papers, Plaintiff does not cite the legal basis of his motion, but his reply papers clarify that he seeks relief pursuant to Fed.R.Civ.P. 4(e)(1) and Md. Rule 2-121(c). Rule 4(e)(1) provides, in pertinent part, that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Maryland Rule 2-121(c), in turn, provides that when presented with an

3

affidavit reflecting that good faith efforts have been made to serve the defendant, "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."

Plaintiff has attached to his motion the affidavit of a process server reflecting that seven attempts were made to effect service of process by delivery at the two addresses reflected in Mr. Bowen's motion to quash. (ECF No. 26-1). Also attached is an email indicating that Plaintiff's counsel requested that Mr. Bowen's counsel accept service on behalf of his client, but that Mr. Bowen's counsel indicated that Mr. Bowen had not authorized to do so. (ECF No. 26-2). While there are questions as to whether Plaintiff's counsel has remained diligent in his efforts to effect service of process throughout the pendency of the case, the record clearly reflects that good faith attempts were made. The record further reflects that Mr. Bowen is aware of the suit – indeed, he is the sole member of Defendant/Counter-Plaintiff Group2 – and that he is represented by counsel, who previously filed a motion to quash on his behalf. Moreover, Mr. Bowen has not opposed the motion, which requests authorization to effect service by U.S. mail to Mr. Bowen's counsel and Mr. Bowen at the address he previously provided. This method would be consistent with due process, as it is "reasonably calculated, under all the circumstances, to

apprise [Mr. Bowen] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920-21 (4th Cir. 1996) (internal marks and citations omitted).

Accordingly, it is this 26th day of November, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for alternative service (ECF No. 26) BE, and the same hereby IS, GRANTED;

2. Plaintiff BE, and the same hereby IS, AUTHORIZED to effect service of process upon Defendant Thomas Bowen by mailing, within fourteen (14) days, a copy of the summons and complaint *via* first class mail to Defendant Thomas Bowen at 11 Radcliffe Place, Charleston, South Carolina 29403, and to Mr. Bowen's counsel of record. Upon mailing, Plaintiff will promptly file an affidavit of service, as required by Fed.R.Civ.P. 4(*l*);

3. The motion to dismiss filed by Defendant/Counter-Plaintiff Group2 Software, LLC (ECF No. 27), BE, and the same hereby IS, DENIED; and

4. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

5