## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERRY FENZEL (a/k/a Harry J. Fenzel), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  DKC 13-cv-00379 |
| | ) | |
| GROUP 2 SOFTWARE, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANT'S MOTION TO COMPEL</u>

COMES NOW, Defendant, GROUP 2 SOFTWARE, LLC, by and through undersigned counsel, and respectfully moves for an Order compelling Plaintiff Jerry Fenzel to produce full and complete documents in response to Defendant's Requests for Production of Documents; to provide complete written responses to Defendant's Interrogatories and Requests for Production of Documents, and to strike his improper objections to discovery.  In support thereof, Defendant states as follows:

1.     On March 21, 2014, Defendant Group 2 Software, LLC ("Group 2") issued a set of Interrogatories and Requests for Production of Documents to Plaintiff Jerry Fenzel ("Fenzel"). A copy of the Defendant's Certificate Regarding Discovery is attached hereto as **Defendant's Exhibit 1**.

2.     Under the federal rules of procedure, Fenzel's full and complete discovery responses to the Interrogatories and Requests for Production of Documents were due on or about April 24, 2014.  Fed. R. Civ. P. 33 & 34.

3.     On May 6, 2014, almost two weeks later, Fenzel provided Answers to Interrogatories and Responses to Requests for Production of Documents, which are attached hereto as **Defendant's Exhibit Nos. 2 & 3** respectively.

4.     Fenzel's responses include objections to ***each and every*** request.  His objections were not timely nor are they valid.  Moreover, his answers are generally incomplete and non-responsive.

5.     According to Fed. R. Civ. P. 33(b)(4), the failure of Fenzel to submit timely, particularized objections constitutes a waiver of any objections unless excused by the Court for good cause.  Further, the Court should overrule the *ad seriatim*, improper objections to Group 2's legitimate requests.

6.     Moreover, despite request and good faith efforts on the part of Group 2, Fenzel has provided ***no*** documents to Group 2 as of the date of the filing of this Motion.

7.     After several attempts to contact Mr. Green, counsel for Fenzel, the undersigned was forced to file the instant motion.  A Certificate of Good Faith describes the attempts to hold a conference and resolve this dispute without judicial involvement.  The corresponding communications are attached hereto as **Defendant's Exhibit 4**.  Fed. R. Civ. P. 37(a)(1); L.R.104.7.

8.     A detailed Memorandum in support of Group 2's Motion to Compel sets forth the specific improper objections and inadequate responses and is attached and incorporated herein.

9.     Pursuant to Fed. R. Civ. P. 37(a)(5), the Court should award Defendant its reasonable expenses, including attorneys' fees, incurred by the filing of the instant Motion.  Fed. R. Civ. P. 37(a)(5).

WHEREFORE, Defendant, GROUP 2 SOFTWARE, LLC, respectfully requests entry of an Order compelling full and complete written discovery responses and documents in response to Defendant's Interrogatories and Requests for Production of Documents, and striking Plaintiff's

objections, and an award of its reasonable expenses, including attorneys' fees, in addition to such

other and further relief that the Court deems just and appropriate.

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.

By: _____/s/_____

William B. Schroeder, #13664
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland  20854
Telephone:  (301) 255-0542
Facsimile:  (301) 230-2891
E-mail:  wschroeder@shulmanrogers.com
*Attorneys for Defendant Thomas C. Bowen and
Group 2 Software, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May, 2014, a copy of the foregoing **Defendant's Motion to Compel** and all supporting documents was served by the Court's electronic filing system to:

Walter W. Green, Esq.
Law Office of Walter W. Green
7309 Baltimore Avenue
Suite 115
College Park, MD  20740
wgreen@GreensLaw.com
*Attorney for Plaintiff*

_____/s/_____

William B. Schroeder

4488205_1

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY FENZEL (a/k/a Harry J. Fenzel),   )
   )
       Plaintiff,   )
   )
v.   )   Case No.  DKC 13-cv-00379
   )
GROUP 2 SOFTWARE, LLC, *et al.*   )
   )
       Defendants.   )

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL

COMES NOW, Defendant, GROUP 2 SOFTWARE, LLC, by and through undersigned counsel, and submits the following Memorandum of Points and Authorities in support of its Motion to Compel:

### Introduction

This case involves a business dispute between Group 2 Software, LLC ("Group 2") and Plaintiff Jerry Fenzel ("Fenzel") regarding a Consulting Agreement entered into between them for Fenzel to serve as a consultant to Group 2.  Fenzel filed suit for alleged sums due.  Despite timely and proper request by Group 2, Fenzel failed to provide timely, responsive information and documents in reply to Group 2's Requests for Production of Documents and Interrogatories.  At the time of this filing, Fenzel has failed to provide any of the requested documents.  He also provided incomplete, non-responsive Answers to Group 2's written discovery.  Further, Fenzel waived his objections by failing to object timely and has otherwise improperly asserted objections to Group 2's legitimate requests.

With Fenzel having failed to respond to Group 2's attempts to discuss these issues, the Court should enter an Order compelling Fenzel to provide full and complete responses, strike his objections, and award Group 2 its reasonable costs, including attorneys' fees, to file this Motion.

## I.   **Requests for Production of Documents**

### A. **Plaintiff waived his objections.**

On March 21, 2014, Group 2 issued Requests for Production of Documents. (*See* Exhibit 1, Certificate of Discovery)  Despite request, Fenzel did not respond until two weeks beyond the due date. (*See* Exhibits 2, Plaintiff's Responses to Requests for Production of Documents). When Fenzel did respond, he objected to *each and every* Request, asserting general, non-specific objections.

Under the federal rules of procedure, Fenzel's failure to timely assert his objections constitutes a waiver of any objections unless excused by the Court. Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A); Hall v. Sullivan, 231 F.R.D. 468, 473 (D. Md. 2005) (citations omitted). Notably, Fenzel did not file any motion for an extension of time nor can he demonstrate any good cause for his delay, particularly since he initiated suit and suit was filed in December 2012.  Clearly he has had sufficient time to gather documents and information and there is no excuse for his delay.

Thus, the Court should overrule Plaintiff's objections as waived and require full and complete responses to all of Defendant's Requests. (*See* Exhibit No. 2, Responses to Requests for Production)

### B. **Plaintiff's objections are improper.**

Moreover, Plaintiff's objections are without validity. Specifically, Fenzel objected to every document request on the ground that it is "overbroad and unduly burdensome and requests information which is irrelevant and not otherwise discoverable." (*See* Exhibit 2)  This is a generic objection that is not particularized to each request, nor supportable.  Group 2's requests are not overbroad and no proof of any undue burden is presented.  Likewise, the objections

proffered no basis whatsoever to conclude that every request seeks irrelevant information that is not discoverable.

In particular, in response to Request No. 7, Fenzel objects to providing any state or federal tax return information. However, this request is necessary to demonstrate Fenzel's employment and reported income since it is believed and asserted as a defense that Fenzel was an employee and officer of AIRTIME-Manager, Inc. at a time when he was supposed to be consulting for Group 2. Additionally, Fenzel appears to be seeking compensation for business expenses and rental of office equipment, for which he may have claimed deductions and received tax benefits therefrom, which would affect any recovery. (See Exhibit 3, Answer to Interrogatory No. 17, p. 15)

Further in response to Requests Nos. 11, 13, 15, 19, 20-22, and 25-28, Fenzel asserted that copies of the responsive documents are in the possession of Group 2. However, as this Court is aware, this is not a basis for objection. Fenzel is required to produce all documents he has in his possession, custody and control. Fed. R. Civ. P. 34 (a)(1).

### C. Plaintiff has failed to produce any documents.

Despite request, Fenzel has not produced *any* documents that he said would be produced. Initially, Plaintiff's counsel did invite defense counsel to inspect and copy the records at his office, but then subsequently failed to respond to further inquiries from the undersigned about the nature and scope of the documents produced to prepare for the inspection. (*See* Exhibit 4, Email dated May 8, 2014, and Email dated May 14, 2014, to Mr. Green). Thus, Fenzel failed to comply with the requirement to produce all documents produced for inspection and copying, and further has not produced any electronically stored information in any format.

3

Accordingly, the Court should compel full and complete production of all of the requested documents from Fenzel in conformance with the Rules.

## II. <u>Interrogatories</u>

### A. Plaintiff waived his objections.

For the reasons stated above, Fenzel waived his Interrogatory objections by failing to respond to the Interrogatories in a timely manner and/or by failing to request an extension or otherwise demonstrate good cause for the delay.  Federal R. Civ. P. 33 is very clear that "[t]he grounds for objecting to an interrogatory must be stated with specificity [and] *Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.*" Fed. R. Civ. P. 33(b)(4)(Emphasis added); <u>Hall</u>, *supra*.  Thus, this Court should rule that Fenzel waived all Interrogatory objections.

### B. Plaintiff has asserted improper objections.

Likewise, in answering the Interrogatories, Fenzel asserted *ad seriatim*, form objections that are not specific to each question, nor supportable.  In fact, the Interrogatories are not unreasonably overbroad, vague, nor unduly burdensome. The objections to each and every Interrogatory should be stricken, and the Court should enter an order compelling full and complete responses.

### C. Plaintiff has provided incomplete responses.

Indeed, Fenzel provided incomplete information in his Answers.  Specifically, in response to Interrogatory No. 1, he failed to provide any contact information for any of the individuals identified.  (*See* Exhibit No. 3, pp. 2-3)  He should be required to provide any such last known contact information such as an address or telephone number.

4

Further, in response to Interrogatory No. 5, Fenzel provided no actual instructions or

directions that he received. (*See* Exhibit No. 3, pp. 9-10).  As set forth below, Fenzels' objection

and response is inadequate:

> **INTERROGATORY NO. 5:** Identify and describe any and all written directions
> or instructions from Group 2 or Mr. Bowen to You as a consultant and/or chief executive
> officer, stating in your answer the identity of any individual(s) with personal knowledge
> of such directions and instructions, your response to such directions and instructions, the
> dates of such directions and instructions, and the identity of any documents that support,
> evidence, demonstrate, or relate to such directions and instructions.

> **ANSWER NO. 5:** Plaintiff objects to Interrogatory No. 5 in that it is overbroad
> and unduly burdensome and is not otherwise discoverable.  Without waiving said
> objections, to the best of my knowledge, Mr. Bowen visited Group 2's offices maybe 3-4
> times per month. We normally had lunch in the local cafeteria, and we spoke about Mr.
> Bowen's sailing schedule and occasionally the pace of the business and broadly what I
> was doing, identified some potential customers, discussed Mr. Bowen's experiences at
> TX2, about his sailing adventures or trailering boats up and down the coast, discussions
> with VIA Code Developers, and possible roll-out date for going to market.  He rarely, if
> ever gave me instructions as to what to do or how to run a business as he reminded me
> that he had no experience in running a software company or any kind of company, except
> for hauling sailboats.  My responsibilities were addressed to a certain extent in the
> "consulting agreement." Occasionally we would discuss Aetna and other customers that
> TX2 worked with and how Group 2 might be able to resuscitate.

In answering Interrogatory No. 6, Fenzel fails to identify any specific individuals, firms,

law firms, accounting firms or other companies, referring to them only generically.  (*See* Exhibit

3, p. 10).  Fenzel's Answer is incomplete and non-responsive:

> **INTERROGATORY NO. 6:** State and describe all actions that You performed
> for Group 2 while physically away from home or at Group 2's offices during the term of
> the Agreement, stating the dates, times spent, activities performed, and the location of
> where such activities were performed along with the identity of any individual(s) with
> personal knowledge of such activities and the identity of any documents that relate to any
> such activities.

> **ANSWER #6:**  Plaintiff objects to Interrogatory No. 6 in that it is
> overbroad and unduly burdensome.  Without waiving such objection, I attended a
> symposium in Virginia, a three day event on M&A in Chicago, and made some good
> contacts there that were never realized as Mr. Bowen terminated my involvement with
> Group 2 effective May 24, 2012.  I met with private equity firms, law firms, accounting
> firms that might be able to use the EMA application for their clients.  I also contacted

5

some contacts I had at other large companies that might have been able to use the EMA software. I worked from on principally on emails that needed to be attended to. Bowen never objected to my business conduct nor showed any dissatisfaction. I met on maybe three occasions with Alexandra Lajoux, the daughter of Stanley Reed, an author of several texts on M&A in Washington DC. I would pay for lunch but was never reimbursed by Bowen or Group 2. Don Rogers seemed to have an interest in Group 2's progress and we would have meetings in his offices, similar to a Board meeting with agendas to be followed. Also *see* Answer #5.

Fenzel should be required to identify the specific entities or individuals, providing their contact information. For example, he does state he spoke to an "Alexandra Lajoux," but fails to identify any contact information for her.

In his Answer to Interrogatory No. 7, Fenzel again fails to identify any specific witness or individuals with whom he communicated, referring only to companies. (*See* Exhibit 3, p. 11)

**INTERROGATORY NO.7:** Identify and describe all Communications between You and any actual or prospective Group 2 customer or client regarding Group 2, its products or services, between May 1, 2010 and June 1, 2012, including in your response the date of the Communication, the identity of the individuals involved in the Communication, the nature and substance of any such Communication, the identity of any witnesses to such Communication; and the identity of any document relating to such Communication. For each such customer, please indicate whether they purchased or signed an agreement to purchase your services or products.

**ANSWER No. 7:** Plaintiff objects to Interrogatory No. 7 in that it is overbroad and unduly burdensome. Without waiving said objections, many of the actual or prospective customers of Group 2 were given to Mr. Bowen where it appeared that he entered these company names in his copy of Salesforce.com. I was not able to see that data that Mr. Bowen put into Salesforce.com. For example, I spoke with Lexis/Nexis as a potential user of EMA. My termination by Mr. Bowen ceased any correspondence I have had with them. I spoke with and resuscitated an arrangement with Crown Castle, but I do not know if Mr. Bowen failed to contact them after I was released by Mr. Bowen effective May 24, 2012. Aetna did sign an agreement of which Mr. Bowen should have. Dates of communications should be in the custody of Mr. Bowen as I believe he confiscated my files effective May 24, 2012.

Likewise, Fenzel fails to provide any contact information for Wes Demory in response to Interrogatory No. 22. (*See* Exhibit 3, p. 17)

**INTERROGATORY NO. 22:** State and describe Your actions and knowledge of the actions of any third party with respect to the access and control of the domain

6

name "Group2software.com", including in your answer the date that You or any other third person registered, renewed, or applied for the domain name, the identify of any individual(s) with knowledge of the domain name, and the identity of any documents, including any and all electronically stored information, pertaining to the access and control of the domain name.

**ANSWER NO. 22:**  Plaintifff objects to Interrogatory No. 22 in that it is overbroad, vague and unduly burdensome.  Without waiving such objections, to the best of my knowledge, Wes Demony, formerly of Airtime, assisted Group 2, free of charge, in obtaining the domain name "Group2software.com." Upon my termination by Mr. Bowen I had no further action in any manner with the domain name "Group2software.com" and at some point after my termination Group 2 revised and updated its website at said domain and then shut the entire website down in late 2013 or early 2014.

In response to Interrogatory No. 11, Fenzel fails to provide any facts or information on whether he contends he owed any fiduciary duties or obligations to Group 2.

**INTERROGATORY NO. 11:**  Please state in detail the basis of any contention that You did not owe any fiduciary duties or obligations to Group 2.

**ANSWER NO. 11:**  Plaintiff objects to Interrogatory No. 11 in that it is overbroad, unduly burdensome and calls for a legal conclusion.  Without waiving said objections, the existence and extent of a duty owed is a question of law for a court.  The terms of the Contract set forth my obligations at Group 2 and I fully performed those duties.

He should be compelled to provide any factual basis for whether he does or does not so contend.

(See Exhibit 3, p. 13)  Although he is not required to provide a legal basis or conclusion, Fenzel should provide any facts or information that he has that relates, shows or demonstrates that he owes or does not owe any fiduciary duty or obligation to Group 2.

In response to Interrogatory No. 17, he makes unsubstantiated claims that he is entitled to rental income or reimbursement of expenses, but provides no details. (*See* Exhibit 3, p. 15)

**INTERROGATORY NO. 17:**  State and describe with particularity all income, benefits, payment, or other form of compensation that You received from Group 2, including in your response the dates that you received any such compensation, the nature and amount of such compensation, and the period for which such compensation applied.

**ANWER NO. 17:**  Plaintiff objects to Interrogatory No. 17 in that it is overbroad and unduly burdensome.  Without waiving such objections, I received approximately

7

$30,333 in cash compensation.  In 2012, I received approximately $17,667 in cash compensation.  I did not receive any reimbursement for ordinary and necessary business expenses incurred on behalf of Group 2, which I am owed.  In addition, I allowed Group 2 to use my furniture and computer equipment without any rental income being received from Group 2.

The Court should compel Fenzel to provide any such information and details, as properly requested.

### III. Attorneys' Fees

An award of sanctions in this case is appropriate because Group 2's Motion would have been unnecessary if Fenzel and his counsel had acted reasonably, responded to email, and participated in good faith in a discovery conference.  Instead, as set forth in the Certificate of Good Faith attached hereto, Fenzel and his counsel have ignored their discovery obligations and defense counsel's inquiries regarding discovery on multiple occasions.  There is no substantial justification for Fenzel's delay, improper objections, and incomplete responses.  While an award of attorneys' fees is within the Court's reasonable discretion, in this case, fees should be imposed for the dilatory and unjustified conduct on the part of Fenzel and his counsel. Fed. R. Civ. P. 37(a)(5); Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 498-99 (D.Md. 2000).[1]

### Conclusion

WHEREFORE, Defendant, GROUP 2 SOFTWARE, LLC, respectfully requests entry of an Order compelling full and complete written discovery responses and documents in response to Defendant's Interrogatories and Requests for Production of Documents, an award of its reasonable expenses, including attorneys' fees, in addition to such other and further relief that the Court deems appropriate.

---

[1] Defense counsel, upon request from this Court, will provide an affidavit of the efforts, services and the total amount of fees incurred in responding to Plaintiff's discovery violations.

8

Respectfully Submitted,

SHULMAN, ROGERS, GANDAL,
  PORDY & ECKER, P.A.

By:        /s/

William B. Schroeder, #13664
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland  20854
Telephone:  (301) 255-0542
Facsimile:  (301) 230-2891
E-mail:  wschroeder@shulmanrogers.com
*Counsel for Defendant Thomas C. Bowen & Group
2 Software, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERRY FENZEL (a/k/a Harry J. Fenzel), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  DKC 13-cv-00379 |
| | ) | |
| GROUP 2 SOFTWARE, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF GOOD FAITH

I hereby certify that I made a good faith attempt to resolve the instant Motion prior to its filing in accordance with the Rules.  Defense counsel first sent an email on April 30, 2014, requesting Fenzel's responses and Plaintiff's counsel did not respond.  On May 5, 2014, defense counsel inquired again to opposing counsel by email, and did not receive a response.  Defense counsel called and left a voicemail with Mr. Green on May 5, 2014, but has not yet received a return call back from him at the time of the filing of this Motion.

Thereafter on May 6, 2014, the undersigned received Plaintiff's responses, and immediately sought to make arrangements for copying the documents.  Plaintiff's counsel failed to respond on multiple occasions.  Defense counsel sought dates for the deposition of Fenzel as well as a discovery conference to address specific questions about his responses.  Plaintiff's counsel failed to respond until Thursday, May 22, 2014, when he advised that he would contact counsel on Friday, May 23, 2014.  Mr. Green, nevertheless, failed to call or communicate with counsel on May 23rd, let alone "provide a meaningful response," and still has not answered any of defense counsel's inquiries, instead issuing written discovery requests to Group 2 on Friday, May 23, 2014.  Thus, Plaintiff's counsel failed to participate in the good faith efforts and proposed conference to resolve this dispute.

Despite promises to do so at the status conference with the Court held on April 10, 2104, Mr. Green also has still failed to communicate with the undersigned on the proposed consent protective order for governing discovery in this case.

Copies of the communications between counsel referenced above are attached hereto as **Defendant's Exhibit 4**.

Respectfully Submitted,

SHULMAN, ROGERS, GANDAL,
   PORDY & ECKER, P.A.

By:      ____/s/_____
William B. Schroeder, #13664
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland  20854
Telephone:  (301) 255-0542
Facsimile:  (301) 230-2891
E-mail:  wschroeder@shulmanrogers.com
*Counsel for Defendant Thomas C. Bowen & Group 2 Software, LLC*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERRY FENZEL (a/k/a Harry J. Fenzel), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  DKC 13-cv-00379 |
| | ) | |
| GROUP 2 SOFTWARE, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Upon consideration of Defendant's Motion to Compel, and any Opposition thereto, and the record before this Court, it is HEREBY:

ORDERED that Defendant's Motion to Compel is GRANTED; and it is further

ORDERED that Plaintiff's objections to the Interrogatories and Requests for Production of Documents are untimely and improper and accordingly are STRICKEN; and it is further

ORDERED that Plaintiff shall respond fully and completely without objection to Defendant's Interrogatories and Requests for Production of Documents no later than five (5) business days from entry of this Order; and it is further

ORDERED that Plaintiff shall deliver to Counsel for Defendants all responsive documents no later than five (5) business days from entry of this Order; and it is further

ORDERED that Counsel for Defendants shall submit an appropriate order and affidavit of expenses, including attorneys' fees, incurred in the filing of the Motion, within five (5) business days from entry of this Order; and it is further

ORDERED that Plaintiff shall make payment of Defendant's expenses, including attorneys' fees, incurred in the filing of the Motion, within five (5) business days from entry of an Order of this Court awarding such expenses.

_____                     _____
Date                                    Hon. Judge, United States District
                                        Court for the District of Maryland


COPIES TO:

Glenn C. Etelson, Esq.
William B. Schroeder, Esq.
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, MD  20854
getelson@shulmanrogers.com
*Attorney for Defendants*


Walter W. Green, Esq.
Law Office of Walter W. Green
7309 Baltimore Avenue
Suite 115
College Park, MD  20740
wgreen@GreensLaw.com
*Attorney for Plaintiff*

2