IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY FENZEL                            :

                                        :

   v.                                  :   Civil Action No. DKC 13-0379

                                        :

GROUP2 SOFTWARE, LLC ET AL.             :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution is the motion to file a second amended complaint filed by Plaintiff Jerry Fenzel. (ECF No. 51). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted in part and denied in part.

**I. Background**

On February 12, 2014, a scheduling order was issued which set the deadline for moving for joinder of additional parties and amendment of pleadings at April 28, 2014. (ECF No. 39). On the day of the deadline, Plaintiff filed a second amended complaint. (ECF No. 49). The next day, a paperless order was entered directing the Clerk of Court to mark the second amended complaint as filed in error as it was not filed in accordance with Fed.R.Civ.P. 15(a)(1) and (2). That day, Plaintiff filed a motion for leave to file a second amended complaint. He explained that he erroneously interpreted the scheduling order

to mean that before the April 28 deadline pleadings could be amended and parties joined without needing to seek further leave from the court.  Plaintiff seeks to file a second amended complaint to add Deven Software, LLC ("Deven") as a defendant and add two counts against all Defendants for fraudulent conveyance and civil conspiracy.  Plaintiff represents that Deven was formed while this lawsuit was pending and is solely owned by Defendant Thomas Bowen.  Plaintiff recently discovered that the website for Group 2 has been removed from the internet and it appears that Group 2 is no longer a going concern.  Deven's website includes numerous references to Group 2 and the Deven's executives and owners are the same as Group 2's.  Plaintiff has reason to believe that Deven is the recipient of all or substantially all of the assets of Group 2 and that such transfers were made for no consideration.

The Federal Rules of Civil Procedure provide that a party may amend his complaint as a matter of course within 21 days of serving it or within 21 days of a responsive pleading or Rule 12(b) motion.  Fed.R.Civ.P. 15(a)(1).  Once the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave."   Fed.R.Civ.P. 15(a)(2).  Leave is not difficult to obtain: the court will freely give it "when justice so requires."   *Id.*  Denial of leave to amend should occur "only

when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Rule 15, thus, reflects "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Determinations of futility under Rule 15(a) are governed by the standard for motions to dismiss. *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F.Supp.2d 451, 459 (D.Md. 2005).[1]

Defendants contend that amending the complaint would be futile because Plaintiff has failed to state claims for fraudulent conveyance and civil conspiracy. They argue that the civil conspiracy claim is not viable because Plaintiff, by arguing a conspiracy between Bowen, Group 2, and Deven, is in effect arguing that Bowen conspired with himself because Bowen is the owner of Deven and Group 2. Defendants point to the "intracorporate conspiracy doctrine," which "recognizes that a corporation cannot conspire with its agents because the agents'

---

[1] A party who fails to obey a scheduling order may incur sanctions, Fed.R.Civ.P 16(f), to including striking pleadings in whole or in part. Defendants argue that Plaintiff failed to obey the scheduling order by filing his second amended complaint on April 29, one day late. Plaintiff's tardiness will be excused. He filed his second amended complaint on the deadline and, after being told it was not field in accordance with Fed.R.Civ.P 15(a)(2), refiled it the next day.

acts are the corporation's own." *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 352 (4th Cir. 2013). There are two important exceptions: (1) "where a co-conspirator possesses a personal stake independent of his relationship to the corporation"; and (2) "where the agent's acts were not authorized by the corporation." *Id.* at 353. As an agent of the Group 2 and Deven, the doctrine would prohibit a claim of conspiracy unless one of the exceptions applies. There is no allegation that Bowen's acts were not authorized by Group 2 or Deven. And Bowen does not have a personal stake independent of his relationship to Deven or Group 2, which requires the individual conspirator to "possess a personal interest independent and wholly separable from the interests of the corporation." *Mitchell Tracey v. First Am. Title Ins. Co.*, 935 F.Supp.2d 826, 846 (D.Md. 2013). Given that Plaintiff alleges that Bowen is the sole owner of Group 2, as Group 2's fortunes rise, so too do Bowen's. Consequently, the intracorporate conspiracy doctrine bars Plaintiff's claim and his motion to amend to add this claim will be denied.

As to the fraudulent conveyance claim, under the Maryland Uniform Fraudulent Conveyance Act ("MUFCA"), "[e]very conveyance made . . . with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors, is fraudulent as to both present and future

4

creditors." Md. Code Ann., Com. Law § 15-207. Additionally, "[e]very conveyance made . . . without fair consideration when the person who makes the conveyance . . . intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors." *Id.* § 206. A plaintiff bringing a claim under the MUFCA must "allege that a creditor-debtor relationship exists and that the debtor has fraudulently transferred assets." *Dixon v. Bennett*, 72 Md.App. 620, 623 n.2 (1987), *overruled on other grounds by BAA, PLC v. Acacia Mut. Life Ins. Co.*, 400 Md. 136 (2007) (*citing* Md. Code Ann. Com. Law § 15-201, *et seq.*).

A fraud claim is subject to the heightened pleading standard of Fed.R.Civ.P. 9(b). Rule 9(b) provides that, "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Such allegations typically "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F.Supp.2d 298, 313-14 (D.Md. 2000) (*quoting Windsor Assocs., Inc. v. Greenfeld*, 564 F.Supp. 273, 280 (D.Md. 1983). The purposes of Rule 9(b) are to provide the defendant with sufficient notice of the basis

5

for the plaintiff's claim; to protect the defendant against frivolous suits; to eliminate fraud actions where all of the facts are learned only after discovery; and to safeguard the defendant's reputation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). In keeping with these objectives, a "court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." *Id.*

Plaintiff's allegations satisfy Rule 9. He alleges that substantially all of Group 2's assets have been transferred fraudulently; identifies the participants; alleges that the transfers were without fair consideration; and indicates that the transfer was made to hinder, delay, or defraud Plaintiff by making his ownership interest in Group 2 worthless and Group 2 unable to pay the debts it will incur to Plaintiff. Additionally, Plaintiff's motion indicates that it has evidence of the fraud, specifically the fact that Group 2's website no longer exists, Deven's website makes numerous references to Group 2, and Deven's executives and owners are the same as Group 2's. *See Nat'l Mortg. Warehouse, LLC v. Trikeriotis*, 201

F.Supp.2d 499, 505 (D.Md. 2002). Defendants' motion to dismiss on the basis of Rule 9 will be denied.[2]

Defendants also argue that Plaintiff's motion should be denied because of undue delay. On March 7, 2014, Plaintiff filed his first amended complaint, wherein he alleged that "Defendant Bowen transferred substantially all of the assets of [Group 2] to a successor company for no consideration in an attempt to prevent Plaintiff from receiving the value of his 15% ownership interest in [Group 2]." (ECF No. 41 ¶ 21). Defendants argue that there is nothing to explain why Plaintiff did not name Deven as a Defendant at that time, a view bolstered by the fact that Plaintiff has conducted no discovery. Defendants allege that Plaintiff is engaging in strategic delay. This argument will be rejected. The time between the first and second amended complaint is less than two months, not so great a time to constitute undue delay.

Lastly, Defendants argue that permitting the amendment would result in undue prejudice to them and the court. Adding Deven would prejudice Defendants by requiring them to initiate

---

[2] Defendants contend that Plaintiff has no information, much less evidence, to support this claim. They point to discovery where he states that he does not currently have any documents reflecting assets allegedly transferred fraudulently. (ECF No. 55-3, at 2). But the futility aspect of Rule 15(a)(2) is evaluated against the standards of a motion to dismiss, which generally cabins itself to the sufficiency of the allegations contained in the complaint.

7

or participate in further discovery and motions on a wholly separate set of operative facts, which do not involve Group 2. Because a claim for fraudulent conveyance can only be brought by creditor, Plaintiff's claim is viable only if a judgment is entered in his favor in the litigation concerning Group 2's obligations to him.

Defendants' arguments are unconvincing. It is true that the fraudulent conveyance claim's viability is contingent on Plaintiff's success in his claims against Group 2 and Bowen, thereby creating the possibility that if these claims were part of one case, discovery and motion practice could occur on a claim that never had any chance of success. While the wasted effort would be frustrating, that possibility is not so certain as to effect undue prejudice. There is no indication that these additional claims and the addition of Deven as a Defendant would prejudice Group 2 and Bowen's defense so much as add another nuisance to the case. The principal dispute in this case remains the money owed to Plaintiff by Group 2 and Bowen; the fraudulent conveyance and civil conspiracy claims are peripheral, and do not drastically alter the character of the litigation.

Therefore, for the reasons stated in the foregoing Memorandum Opinion, it is this 24th day of June, 2014, by the

United States District Court for the District of Maryland, ORDERED that:

1.   The motion for leave to file a second amended complaint filed by Plaintiff Jerry Fenzel (ECF No. 51) BE, and the same hereby IS, GRANTED IN PART AND DENIED IN PART;

2.   The Clerk is directed to detach and file Plaintiff's second amended complaint (ECF No. 51-1);

3.   Count 9 containing the allegations of civil conspiracy (ECF No. 51-1 ¶¶ 59 - 62) IS STRICKEN;

4.   Deven Software, LLC is added as a Defendant to this action and Plaintiff is instructed to provide the Clerk of Court a completed summons form for Deven; and

5.   The clerk will transmit copies of the Memorandum Opinion and Order to counsel for the parties.

                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge