IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY FENZEL                     :

                             :

    v.                          :    Civil Action No. DKC 13-0379

                             :

GROUP2 SOFTWARE, LLC ET AL.      :

                             :

**MEMORANDUM OPINION AND ORDER**

It appears that neither party's counsel has read, or can follow, the rules governing discovery and the resolution of discovery disputes.  Group 2 Software, LLC filed a motion to compel without even paying lip service to Local Rule 104.8.  The proper procedure requires a party dissatisfied with the responses to interrogatories or requests for production to prepare and serve, but not file, a motion to compel.  The opposing party has 14 days to prepare and serve, but not file, a response.  The moving party then may reply.  Thereafter, the parties are to hold a conference required by Rule 104.7.  If counsel are not able fully to resolve their differences, the party seeking to compel discovery files the certificate and appends copies of the motion and memoranda previously exchanged.  Here, while Counsel may have communicated with each other prior to the filing of the motion, there is no indication that the

proper procedure was followed, or that there has been any effort to narrow the issues.

On the other hand, Plaintiff's responses to the interrogatories and requests for production are clearly deficient in substantial measure.

Defendant argues that Plaintiff's failure to assert timely objections to either the interrogatories or requests for production constitutes a waiver of any objections unless excused by the court. Plaintiff acknowledges that he was untimely in his response, but submits that the delay was not intentional nor was it to frustrate discovery, prejudice, or disadvantage the Defendant. Plaintiff argues that discovery is ongoing and Defendant had responses forty-five days before the scheduled deposition of Plaintiff. The minor delay, by itself, would not warrant a determination that Plaintiff waived his objections.

On the other hand, Defendant's contention that Plaintiff's objections are improper as they are simply boilerplate "overbroad, vague and unduly burdensome," is well taken. "Objections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection." *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D.Md. 2010). "[F]ailure to do so may constitute a waiver of grounds not properly raised." *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D.Md. 2005). Plaintiff's

untimely, boilerplate objections are waived.  Accordingly, he must supplement his responses to the extent he withheld any information in reliance on those objections.

Plaintiff will be directed to comply with the requirements of Fed.R.Civ.P. 34(b)(2)(E) with all documents in his possession, even if he believes the defendant already has copies.  Emails provided by Defendant illustrate that on May 6, Plaintiff's counsel told his counterpart that he could come to Plaintiff's counsel's office "any day next week to review the documents.  If you would like any copies after your review, my office will have them made and provide you the copies." (ECF No. 55-4, at 16).  On May 8, Defendant's counsel wrote back asking how many documents are in question and how have they been categorized.  He requested that Plaintiff make a copy of all documents, scan and bates label them, and organize them in accordance with Fed.R.Civ.P. 34(b)(2)(E)(i)-(iii).  On May 14, Defendant's counsel wrote that he has not received any response regarding the number of documents and renewing his request for a copy of the documents.  On May 20, after not getting a response, Defendant's counsel renewed his demand.  Finally, on May 22, Plaintiff's counsel wrote that his delay was due to other pressing matters and that he "will address your inquires in full tomorrow when I have more time to provide you with a meaningful response."  The next day, Plaintiff's counsel's legal assistant

sent an email with three files attached that, based on their file names, appear to be the same answers and responses sent previously.

In his opposition, Plaintiff contends that the invitation to Defendant's counsel to come to Plaintiff's counsel's office and inspect the documents remains open and Plaintiff's counsel has only himself to blame for failing to inspect.

While Plaintiff's counsel did extend an invitation to come visit his office and inspect the documents, he was unresponsive to Defendant's counsel further inquiries as to the number of documents and his desire that he be provided copies, presumably at Defendant's expense. Consequently, Plaintiff's counsel will be ordered to provide copies of all documents responsive to Defendant's requests, including those that Plaintiff believes are already in Defendant's possession, in accordance with the procedures set forth in Fed.R.Civ.P. 34(b)(2)(E)(i)-(iii).

Defendant also argues that Plaintiff's answers to some interrogatories are incomplete. It contends that answers to interrogatories 1, 6, 7, and 22 are incomplete because they do not provide contact information such as telephone number or last known address for the individuals identified. Defendant has not provided the introductory instructions to the interrogatories. If those instructions defined the term "identify" to include contact information, then the responses would be deficient. If

4

there was no such expansive definition, then Defendant would not be entitled to further information.

Defendant takes issue with the answer to interrogatory 5, arguing that Plaintiff provided no actual instructions or directions that he received from Group 2 or Mr. Bowen. Plaintiff's answer states that "[h]e [Mr. Bowen], rarely, if ever game me instructions as to what to do or how to run a business." (ECF No. 55-2, at 9-10). This is a sufficient response.

Defendant objects to the response to interrogatory 6, specifically that Plaintiff "fails to identify any specific individuals, firms, law firms, accounting firms or other companies, referring to them only generically." (ECF No. 55, at 8). Interrogatory 6 requested Plaintiff to "state and describe" all actions performed for Group 2 while physically away from his home or Group 2's offices, including providing "the identity of any individual(s) with personal knowledge of such activities." (ECF No. 55-2, at 10). In his response, Plaintiff states that he met with "private equity firms, law firms, accounting firms" at an event in Chicago, and also "contacted some contacts I had at other large companies." (*Id.*). Defendant correctly points out that Plaintiff has not identified any individuals who have personal knowledge of these activities which would include, presumably, individuals at the entities he states he met with.

Plaintiff will be ordered to respond more fully to this interrogatory.

Similarly, interrogatory 7 asks Plaintiff to "[i]dentify and describe" all communications between Plaintiff and any actual or prospective Group 2 customer, and include in that description "the identity of the individuals involved in the [c]ommunication." In his answer, Plaintiff states that he spoke with Lexis/Nexis and Crown Castle, and that Aetna did sign an agreement. (*Id.* at 11). Plaintiff will be instructed to identify the individuals he spoke with at these companies.

Defendant takes issue with Plaintiff's responses to interrogatory 11, which asked Plaintiff to "state in detail the basis of any contention that [Plaintiff] did not owe any fiduciary duties or obligations to Group 2." Plaintiff answered that "the existence and extent of a duty owed is a question of law for a court." Defendant contends that Plaintiff should be compelled to provide any factual basis that he has that relates, shows or demonstrates that he owes or does not owe any fiduciary duty or obligation to Group 2. Plaintiff's request will be denied. This question asks for a legal conclusion and is not proper for an interrogatory.

Finally, Defendant contends that the answer to interrogatory 17 is incomplete. Plaintiff was asked to state and describe "all income, benefits, payment, or other form of

6

compensation" received from Group 2." In addition to supplying the cash compensation received, Plaintiff responded that he "did not receive any reimbursement for ordinary and necessary business expenses incurred," and "allowed Group 2 to use my furniture and computer equipment without any rental income being received." Defendant asks the court to compel Plaintiff to provide information and details on these unsubstantiated claims. But as Plaintiff correctly points out, the question asked Plaintiff to describe compensation "received from Group 2," not compensation not given that Plaintiff feels he is owed. Plaintiff's response is sufficient.

Defendant seeks its reasonable fees, including attorney's fees, incurred in making this motion. Fed.R.Civ.P 37(a)(5). Subsection (C) provides that if the motion is granted in part and denied in part, the court "*may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." (emphasis added). Given the relatively minor delay and prejudice experienced, and Defendant's failure to follow proper procedure, Defendant's request for expenses will be denied.

Therefore, for the reasons stated in the foregoing Memorandum Opinion, it is this 15th day of July, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion to compel filed by Defendant Group 2 Software, LLC (ECF No. 55) BE, and the same hereby IS, GRANTED IN PART AND DENIED IN PART;

2.  Plaintiff Jerry Fenzel is directed to provide copies of all documents responsive to Defendant's Requests for Production of Documents and supplement his responses to the Interrogatories as directed herein within 14 days; and

3.  The clerk will transmit copies of the Memorandum Opinion and Order to counsel for the parties.

                                                  /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge